**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana Yvonne Alvarez,<br><br>           Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-20-00264-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's motion for attorney fees as authorized by the Equal Access to Justice Act ("EAJA"), which is fully briefed. (Docs. 34, 35, 36, 40.) Plaintiff's motion is granted, as explained below.

Pursuant to the EAJA, the Court shall award fees and costs to the prevailing party in a Social Security Appeal unless the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The plaintiff bears the burden of proving that the fees sought are reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). Where fees are not shown to be reasonable or "documentation of hours is inadequate, the district court may reduce the award." *Hensley v. Eckerhart*, 461 U.S. at 424, 433 (1983).

Plaintiff seeks $9,702.57 for 46.7 hours of work, a rate just over $200 per hour. (Doc. 35-3; Doc 40 at 13.) It is undisputed that Plaintiff is entitled to fees and costs under the EAJA (Doc. 35-3 at 1; Doc. 36 at 1), but the Commissioner disputes the reasonableness

of Plaintiff's proposed fee and whether Plaintiff or Plaintiff's counsel should receive the award (Doc. 36 at 1).

The Commissioner marshals six arguments against the reasonableness of the requested fee. First, the Commissioner argues that Plaintiff drafted an unreasonably lengthy and detailed complaint—taking 5.3 hours—and instead reasonably should have expended 3 hours. (Doc. 36 at 8.) To be sure, the complaint is lengthier and more involved than the usual complaints filed in Social Security cases. This Court, however, recognizes that more-developed complaints can create downstream efficiencies, potentially shortening the time required to draft later briefs and "persuad[ing] the Commissioner that [a] case should be remanded before the case is fully briefed." *Garcia v. Comm'r of Soc. Sec. Admin.*, No. CIV 18-504-TUC-LAB, 2019 WL 4673335, at *2 (D. Ariz. Sept. 25, 2019).

Rather than challenge this efficiency theory, the Commissioner argues that the time spent drafting the complaint was excessive because it did not result in downstream efficiencies when two attorneys—rather than one—drafted briefs. (Doc. 36 at 8.) That argument misses its mark, however, because it addresses the reasonableness of the time spent drafting the opening brief, not whether a more-developed complaint would allow counsel to draft a brief more efficiently than if he had drafted a minimally developed complaint.

The Commissioner attacks the remand argument by claiming that Plaintiff's counsel routinely opposes motions for voluntary remand. (Doc. 36 at 8.) But Plaintiff's counsel avows that the decision to oppose remand is not up to him but instead "up to the administrative attorney who would have to represent the claimant before the agency." (Doc. 40 at 10.) What's more, counsel has stipulated to remand many times before. (Doc. 40 at 9 n.9 (listing stipulations).) The Court finds that the 5.3 hours spent drafting the complaint was reasonable.

Second, the Commissioner challenges the time spent drafting the opening brief (25 hours) because of its boilerplate language and the redundancy of having one attorney draft

the brief (15 hours) and the other attorney edit it (10 hours).  (Doc. 36 at 12.)  A reasonable time, the Commissioner posits, is 18 hours.  (Doc. 36 at 12.)

In light of the more-developed complaint, the reasonable time for drafting briefs contracts.  The opening brief's boilerplate language and non-boilerplate language should not have taken 25 hours to compile, draft, and edit.  *See Thomas v. Comm'r of Soc. Sec. Admin.*, CV-18-04230-JZB, Doc. 32 at 4 (D. Ariz. Aug. 7, 2020) (reducing time spent to draft a brief after accounting for time efficiencies created by re-using language); *Chanthavong v. Astrue*, No. 1:09-CV-1561 SKO, 2011 WL 6751930, at *10 (E.D. Cal. Dec. 23, 2011) (noting that an experienced attorney might reasonably expend 2 hours editing another attorney's brief).  Twenty-five hours for this opening brief is not reasonable, and the Court reduces the time by 4 hours to 21 hours.

This, however, should not be construed to devalue having an attorney edit another attorney's work.  Even the most gifted writers see improvements to their work product after having another person proofread their work.  *Garner on Language and Writing* 416 (American Bar Association 2009).  The Court only notes that it was not reasonable in this case for experienced counsel to expend 10 hours editing a brief that used so much language from the complaint and elsewhere.

Third, Commissioner charges the 8 hours spent drafting the 16-page reply brief (Doc. 31) as unreasonable because it "echo[es] many of the arguments made earlier." (Doc. 36 at 12.)  But the reply brief does not ape the opening brief; it largely addresses the arguments levied in the Commissioner's answering brief, covering ground not trod in the opening brief.  The Court finds that 8 hours is reasonable.

Fourth, the Commissioner asserts that it is unreasonable to bill for time spent reviewing already-filed documents.  (Doc. 36 at 12.)  As stated above, reviewing documents for error has value.  Although some attorneys might choose to expend their reasonable review time before filing, some allot a portion of that time for after filing, relying on a notice of errata to make their changes.  *See Murrieta v. Comm'r of Soc. Sec.*

*Admin.*, No. CV-19-04865-PHX-DWL, 2021 WL 1208980, at *4 (D. Ariz. Mar. 31, 2021). The Court finds that the 1.5 hours of review time is reasonable.

Fifth, the Commissioner argues that several emails are not compensable because they are overly vague. (Doc. 36 at 12.) A plaintiff's attorney "is not required to record in great detail how each minute of his time was expended," rather, he "can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (cleaned up). Plaintiff's attorney did so here, with the exception of one email on January 24, 2020, where only the recipient and not the general subject matter is documented. *See Murrieta*, 2021 WL 1208980, at *4 (addressing the same argument against the same attorney). The Court therefore reduces the fee award by the 0.1 hours expended on that email.

Sixth, the Commissioner asks the Court to disallow fees for any reply brief. But just as the Commissioner has every right to oppose these fees in a response brief, so too does Plaintiff's counsel have every right to submit a reply. The lodestar is reasonableness: would a reasonable attorney have expended those hours on a reply brief? The Court finds that the 3 hours spent drafting a reply brief is reasonable.

Finally, the Commissioner argues that the fee award should be made out to Plaintiff as the "prevailing party" under 28 U.S.C. § 2412(d)(1)(A), not Plaintiff's counsel. (Doc. 36 at 15.) The Court agrees. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant. . . .").

In sum, the Court reduces the time spent on drafting the opening brief by 4 hours and subtracts the 0.1 hours of emailing that is inadequately documented. The Court thus finds that 43.6 hours is compensable, amounting to $9,058.45.

/ / /

/ / /

/ / /

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 34) is **GRANTED**. Plaintiff is awarded $9,058.45 in attorney fees under the EAJA. This award shall be payable to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

Dated this 18th day of November, 2021.

Douglas L. Rayes
United States District Judge